Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
QUILESHA HODGES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| QUILESHA HODGES,<br><br>      Plaintiff,<br>  v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>      Defendant. | **Case No.:** 5:16-cv-2558<br><br>**PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, QUILESHA HODGES ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* ("RFDCPA").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in San Jacinto, Riverside County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Defendant is a collection agency located in Norfolk, Virginia.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, originally owed to Kay Jewelers, account number ending in, 2542.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. In or around March 2016, Defendant began placing collection calls to Plaintiff on Plaintiff's home telephone number, ending in 0024, Plaintiff's cellular telephone number, ending in 7686, and Plaintiff's work telephone number, ending in 3782.

21. Defendant was calling Plaintiff from the following numbers: 404-865-3247, 412-847-5582, 205-396-3627, 847-737-4494, 859-795-3413, 678-275-8939, 440-638-5676, 731-345-4203, 484-498-2389, all of which are Defendant's numbers.

22. On or around April 14, 2016, Plaintiff answered a call from Defendant on her cell phone, and spoke with one of Defendant's representatives.

23. During the aforementioned conversation, Plaintiff requested that Defendant stop calling Plaintiff's home telephone.

24. Despite Plaintiff's request, Defendant continues to place collections calls to Plaintiff's home telephone number.

3

25. During one occasion, when Defendant called Plaintiff's home telephone number, Plaintiff's minor son answered the phone.

26. During Defendant's conversation with Plaintiff's minor son, Defendant's representative told Plaintiff's minor son that his mother could face legal action if she did not make a payment.

27. On or about July 13, 2016, Plaintiff spoke with one of Defendant's representatives, Letitia, and requested that Defendant stop calling her work telephone number.

28. Despite Plaintiff's request, and having already reached Plaintiff on her cell phone and home phone, Defendant continued to place collection calls to Plaintiff's place of employment.

29. On or around August 2, 2016, Defendant called Plaintiff's place of employment and disclosed Plaintiff's debt to Plaintiff's co-worker.

30. To date, Plaintiff has not received anything in writing from Defendant regarding the alleged debt.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

31. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692b(2) of the FDCPA by communicating with any person other than the consumer and stating that such consumer owes any debt, when Defendant's collector spoke with and disclosed Plaintiff's debt to Plaintiff's minor son and co-worker;

   b. Defendant violated §1692c(3) of the FDCPA by communicating with the consumer at the consumer's place of employment if the debt collector knows that the consumer's employer prohibits the consumer from receiving such communication, when Defendant continued to place collection calls to Plaintiff at Plaintiff's place of employment after Plaintiff requested Defendant to stop calling her work;

c. Defendant violated §1692c(b) of the FDCPA by communicating with any person other than the consumer in connection with the collection of any debt, when Defendant's collector disclosed Plaintiff's debt to Plaintiff's minor son and co-worker;

d. Defendant violated §1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass any person in connection with the collection of a debt, when Defendant continued to place collection calls to Plaintiff's home telephone and work telephone numbers after Plaintiff told Defendant to stop calling both numbers;

e. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff's home telephone and work telephone numbers after Plaintiff told Defendant to stop calling both numbers;

f. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt when Defendant's collector told Plaintiff's minor son that his mother would face legal action if she did not make a payment;

g. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that is not intended to be taken, when Defendant's collector told Plaintiff's minor son that his mother would face legal action if she did not make a payment;

h. Defendant violated §1692e(10) of the FDCPA by using false representation and deceptive means to collect or attempt to collect any debt, Defendant's collector told Plaintiff's minor son that his mother would face legal action if she did not make a

5

      payment; and

   i. Defendant violated §1692g(a) of the FDCPA by failing to provide written notice of the debt within five days after the initial communication with a consumer in connection with the collection of any debt.

WHEREFORE, Plaintiff, QUILESHA HODGES, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

34. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and re-alleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

36. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant continued to place collection calls to Plaintiff's home telephone and work telephone numbers after Plaintiff told Defendant to stop calling both numbers;

   b. Defendant violated the §1788.11(d) of the RFDCPA by communicating by telephone with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances, when Defendant continued to place collection calls to Plaintiff's home telephone and work telephone numbers after

6

Plaintiff told Defendant to stop calling both numbers;

c. Defendant violated the §1788.12(a) of the RFDCPA by communicating with the debtor's employer regarding the debtor's consumer debt, when Defendant spoke with and disclosed Plaintiff's debt to Plaintiff's co-worker;

d. Defendant violated the §1788.12(b) of the RFDCPA by communicating information regarding a consumer debt to any member of the debtor's family, when Defendant spoke with and disclosed the debt to Plaintiff's minor son;

e. Defendant violated the §1788.13(j) of the RFDCPA by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, when Defendant told Plaintiff's minor son that if his mother didn't make a payment, legal action would be taken against her; and

f. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, QUILESHA HODGES, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

37. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

38. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

39. Any other relief that this Honorable Court deems appropriate.

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                RESPECTFULLY SUBMITTED,

DATED:  December 13 2016       AGRUSS LAW FIRM, LLC


                              By: /s/  Michael S. Agruss
                                 Michael S. Agruss
                                 Attorney for Plaintiff
                                 QUILESHA HODGES